UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY WALLER

        Petitioner,

  v.

KENNETH QUINN,

        Respondent.

NO. C05-1904P

ORDER ON REQUEST FOR CERTIFICATE OF APPEALABILITY

The above-entitled Court, having received and reviewed:

1. Magistrate's Report and Recommendation (Dkt. No. 24)

2. Petitioner's Request for Certificate of Appealability (Dkt. No. 28)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Petitioner's request is DENIED.

**Discussion**

Petitioner Anthony Waller is a Washington state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the briefs of the parties and the remainder of the record, the Magistrate Judge recommended that the petition be denied with prejudice. Petitioner failed to file any objections to the Report and Recommendation and, on November 6, 2006, this Court adopted the Report and Recommendation and dismissed Petitioner's writ with prejudice. Dkt. No. 25.

The Court notes at the outset that Petitioner's failure to object to the Magistrate's Report and Recommendation does not preclude him from appealing the decision on his writ. "It is well-settled law in this circuit that 'failure to file objections [to a magistrate judge's findings] does not waive the right to appeal the district court's conclusions of law.'" [*citations omitted*] Richardson v. Sunset Science

ORDER ON REQUEST FOR
CERT OF APPEALABILITY - 1

1  Park Credit Union, 268 F.3d 654, 658 (9th Cir. 2001).  As Petitioner contests only conclusions of law,

2  the lack of any objections to the Magistrate's findings is not fatal to his appeal.

3  However, 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue "only if

4  the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy this

5  standard, petitioners must show "that reasonable jurists could debate whether . . . the petition should

6  have been resolved in a different manner or that the issues presented were 'adequate to deserve

7  encouragement to proceed further.'"  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (quoting

8  Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).   Petitioner has failed to make such a showing on any

9  of his four cited grounds for relief.[1]

10  His "First Issue" is a challenge to the exceptional sentence issued to him following his trial.

11  Petitioner bases his challenge on Blakely v. Washington, 124 S.Ct. 2351 (2004), an opinion which the

12  Ninth Circuit has ruled has no retroactive application to cases on collateral review such as Petitioner's.

13  Petitioner's "Second Issue" is an ineffective assistance of counsel claim which is founded

14  primarily on his trial counsel's failure to mount a diminished capacity defense based on evidence that

15  Petitioner had been drinking on the night of his crimes.  This argument fails to meet the standard for

16  ineffective assistance claims announced in Strickland v. Washington, 466 U.S. 6688- 687-90 (1984).

17  Petitioner has demonstrated neither that his counsel's performance fell below an "objective standard of

18  reasonableness" under "prevailing professional norms" (Id. at 687-88) nor that he was prejudiced by

19  an alleged deficiencies in trial counsel's performance.    The mere fact of his intoxication is insufficient

20  to establish diminished capacity under Washington law (see State v. Stumpf, 64 Wash.App. 522, 526-

21  27 (1992)), therefore this Court cannot say that Petitioner has made a substantial showing that a

22  constitutional right has been denied.

---

[1] Although his petition for habeas corpus cites four grounds for relief, Petitioner's Request for Certificate of Appealability only challenges the Court's adoption of the Report and Recommendation on three of those grounds; this order addresses only the three challenged grounds.

**ORDER ON REQUEST FOR
CERT OF APPEALABILITY - 2**

The "Third Issue" which Petitioner seeks to appeal is his claim that the absence of all side-bar discussions from the trial transcript is a denial of his constitutional right to a "fair and impartial trial" as guaranteed by the Sixth Amendment. Petitioner is unable to cite any prejudice arising from this omission, other than his argument that "the lack of a complete transcribed record has led the petitioner to feel prejudiced by the actions, and lack thereof of trial counsel." Petitioner's Request, p. 11. This is a wholly inadequate ground on which to base a finding that Petitioner has satisfied the requirements for issuance of a certificate of appealability.

**Conclusion**

Petitioner has failed to make a substantial showing of that he was denied his constitutional rights on any of the grounds cited in his request for a certificate of appealability; that request will therefore be denied.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January __16__, 2007

_____
Marsha J. Pechman
U.S. District Judge

ORDER ON REQUEST FOR
CERT OF APPEALABILITY - 3